UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ronald Jermaine Jackson, | Case No. 21-CV-0369 (NEB/KMM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| U.S. Marshals and Joel L. Brott, Sherburne County Jail, | |
| Respondents. | |

Petitioner Ronald Jermaine Jackson was found guilty after a bench trial in this District on counts of aiding and abetting interference with commerce by robbery, *see* 18 U.S.C. § 1951, and brandishing a firearm in furtherance of that robbery, *see* 18 U.S.C. § 924(c)(1)(A)(ii). *United States v. Jackson*, No. 19-CR-0185 (1) (SRN/KMM), ECF No. 258 (D. Minn. Oct. 2, 2020). Mr. Jackson is currently awaiting sentencing.

This matter is before the Court on the petition for a writ of habeas corpus of Mr. Jackson. In his habeas petition, Mr. Jackson contests the legality of his ongoing pre-sentencing detention on the grounds that his transfer from the custody of the State of Minnesota to the federal government was effected unlawfully and that the indictment against him is invalid due to lack of necessary signatures. The habeas petition is now before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254

1

Cases in the United States District Courts.[1]  Based on that review, this Court concludes that Mr. Jackson's petition should be denied.

Mr. Jackson's claims in his current habeas petition mirror claims he brought (and that were rejected) in his underlying criminal proceedings.  See Jackson, No. 19-CR-0185, 2020 WL 4519952 (D. Minn. Apr. 30, 2020) (Report and Recommendation recommending denial of motion of Mr. Jackson to dismiss indictment); id., 2020 WL 3119039 (D. Minn. June 12, 2020) (order adopting Report and Recommendation denying motions to dismiss and quash indictment).  The arguments are no more compelling on habeas corpus review.  No writ of habeas corpus *ad prosequendum* was necessary to effect Mr. Jackson's transfer from state custody to federal custody.  See Jackson, No. 19-CR-0185, 2020 WL 3119039, at *4.  Mr. Jackson's claim that the indictment against him is invalid because it lacks proper signatures is both factually and legally incorrect.  See Jackson, No. 19-CR-0185, 2020 WL 4519952, at *1-2.  There is simply no merit to Mr. Jackson's claims, which have each been fully aired and fairly adjudicated already.[2]  The habeas petition should be denied.

---

[1] Mr. Jackson's petition is not brought pursuant to 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to his petition.  See Rule 1(b).

[2] Mr. Jackson raises four grounds for relief, but each of those grounds appears to be founded ultimately in the two claims described above — that his transfer from state to federal custody was unlawful and that the indictment against him is invalid due to lack of signatures.  To the extent that Mr. Jackson is attempting to raise *new* challenges to his detention, he must first exhaust alternative available remedies for those claims (for example, by presenting those claims in the underlying criminal proceedings and seeking review for the denial of those claims on direct appeal).  See Bakke v. United States, No. 19-CV-2501 (JRT/TNL), 2019 WL 5579599, at *1-2 (D. Minn. Oct. 3, 2019).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The petition for a writ of habeas corpus of petitioner Ronald Jermaine Jackson [ECF No. 1] be DENIED.

2. This matter be DISMISSED.

Date: March 17, 2021

*s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).